1  Gene Williams (SB# 211390)
   GWilliams@InitiativeLegal.com
2  Melissa Grant (SB# 205633)
   MGrant@InitiativeLegal.com
3  Arnab Banerjee (SB# 252618)
   ABanerjee@InitiativeLegal.com
4  Initiative Legal Group APC
   1800 Century Park East, 2nd Floor
5  Los Angeles, CA 90067
   Telephone: (310) 556-5637
6  Facsimile: (310) 861-9051

7  Attorneys for Plaintiff
   BRUCE BANFORD
8
   ELENA R. BACA (SB# 160564)
9  elenabaca@paulhastings.com
   SANDRA N. BENJAMIN (SB# 260633)
10 sandrabenjamin@paulhastings.com
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
11 515 South Flower Street
   Twenty-Fifth Floor
12 Los Angeles, CA 90071-2228
   Telephone: (213) 683-6000
13 Facsimile: (213) 627-0705

14 Attorneys for Defendant
   AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY
15

                         FILED
                  CLERK, U.S. DISTRICT COURT
                        APR 19 2011
                  CENTRAL DISTRICT OF CALIFORNIA
                  BY                      DEPUTY

16              UNITED STATES DISTRICT COURT

17              CENTRAL DISTRICT OF CALIFORNIA

18

19 BRUCE BANFORD, individually, and          Case No. EDCV11-00192 JFW (FFMx)
   on behalf of other members of the
20 general public similarly situated,        [PROPOSED] PROTECTIVE
                                             ORDER REGARDING
21              Plaintiff,                   CONFIDENTIALITY
                                             AGREEMENT
22       vs.

23 AMERICAN GENERAL LIFE AND
   ACCIDENT INSURANCE
24 COMPANY, a Tennessee Corporation;
   and DOES 1 through 10, Inclusive,
25
                Defendants.
26

27

28
                                                    [PROPOSED] PROTECTIVE ORDER RE:
                                                       CONFIDENTIALITY AGREEMENT
   LEGAL_US_W # 67731238.1

# [PROPOSED] PROTECTIVE ORDER

Having read the Confidentiality Agreement of the parties, and good cause appearing therefor, IT IS HEREBY ORDERED THAT:

WHEREAS Plaintiff Bruce Banford ("Plaintiff") filed an action in the Superior Court of the State of California for the County of San Bernardino on or about December 30, 2010, styled BRUCE BANFORD, individually, and on behalf of other members of the general public similarly situated v. AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, a Tennessee Corporation; and DOES 1 through 10, Inclusive, Case No. CIVDS 1017566 (the "Lawsuit");

WHEREAS Defendant American General Life and Accident Insurance Company ("Defendant") filed a notice of removal based on diversity of citizenship, pursuant to 28 U.S.C. sections 1332(d) and 1441(a) and (b), on January 31, 2011;

WHEREAS, nothing in this confidentiality agreement is intended to constitute or will constitute a waiver by any party of any claim or defense in this action, any arguments as to the appropriate venue or the enforceability of the alternative dispute resolution agreement signed by Plaintiff ("ADR Agreement"), or the ability to move to remand this action;

WHEREAS, Defendant denies that it has engaged in any unlawful actions;

WHEREAS, the parties have agreed that it may be in their mutual interests to attempt to resolve through confidential settlement discussions the allegations contained in the Lawsuit;

WHEREAS, the parties and their counsel wish to confirm their understanding regarding the confidentiality of information to be exchanged in the course of settlement discussions.

## STIPULATION

Defendant, by and through its counsel, Elena R. Baca and Sandra N. Benjamin of Paul, Hastings, Janofsky & Walker LLP, and Plaintiff, by and through his counsel, Gene Williams, Melissa Grant and Arnab Banerjee of Initiative Legal Group APC, hereby stipulate as follows:

1. The provisions of this Stipulation shall govern the use and handling of all documents given by any party in this action which are clearly marked "Confidential, Subject to the Parties' Confidentiality Agreement and Protective Order of April 2011" in accordance with the terms hereof.

2. Any information which has been or will be provided by the parties in the course of settlement discussions shall be maintained as confidential by the parties and their agents, and shall not be used for any purpose whatsoever other than for confidential evaluation and discussion of settlement as part of the parties' mediation on May 25, 2011 (the "Settlement Discussion"), including but not limited to:

    (a) Views expressed or suggestions made by a party with respect to a possible settlement dispute;

    (b) Admissions made in the course of the mediation process;

(c) Proposals made or views expressed by the mediator or the response of any party;

(d) Evidence supporting removal or remand proceedings; and

(e) Evidence related to the enforceability of the ADR Agreement.

3. The parties hereby expressly consent to treat the disclosure of information and documents in the course of the Settlement Discussion as being for the sole purpose of facilitating the Settlement Discussion and settlement of claims as among the parties. All information and documents provided in the course of Settlement Discussion shall be considered confidential, nonadmissible and protected from disclosure pursuant to Federal Rule of Evidence 408, Sections 1115 through 1128 and Section 1152 of the California Evidence Code or pursuant to this Stipulation, whichever affords greater protection of the confidential information provided in the course of Settlement Discussion.

4. Any expert or consultant who provides written or oral information or analysis in the course of the Settlement Discussion shall not be questioned about any such mediation information or analysis in any litigation proceeding. Nor shall any expert or consultant who participates in the Settlement Discussion be deposed or otherwise made the subject of discovery unless he/she is subsequently designated as an expert by the party who retained him/her. However, no expert or consultant shall be precluded from testifying as an expert in any litigation proceeding because of his/her participation in the Settlement Discussion. Furthermore, the provision of any information by the parties, and/or by experts or consultants retained by them, in the course of the Settlement Discussion shall not in any way prejudice any party's right to seek or object to separate discovery of the underlying facts, or expert

opinions and interpretations of the underlying facts, in any litigation proceeding in accordance with applicable discovery rules. Nor does it in any way prejudice any party's right to seek to admit or object to the admission into evidence the underlying facts, or expert opinions and interpretations of the underlying facts in any subsequent proceeding or trial in accordance with the applicable law.

5. The provision of information by the parties, and/or by experts or consultants retained by them, in the course of the Settlement Discussion shall not constitute a waiver of any applicable attorney-client, attorney work-product, or other applicable privileges.

6. All information and data which has been or will be provided by the parties in the course of the Settlement Discussion, and all copies thereof, shall, at the conclusion of the Lawsuit be promptly returned to the producing party with certification that no information or data, including copies thereof, has been retained by Plaintiff, Plaintiff's Counsel, or any expert retained by Plaintiffs.

By executing this Stipulation, Defendant does not admit any liability to Plaintiff and/or his putative class, and the execution of this Stipulation shall not be construed as an admission of any liability on the part of Defendant. This Stipulation shall not be admissible in any litigation for any purpose except to enforce its terms.

The Court hereby enters a protective order governing the parties' exchange of information and data for the purposes of settlement negotiations in the present action, subject to the terms stated in the parties' stipulation.

IT IS SO ORDERED.

Dated: 4/19/11

Frederick F. Mumm
United States Magistrate Judge